IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| DOUGLAS HENAO | CIVIL NO. |
| Plaintiff | |
| v. | Discriminatory retaliation, and Federal Service demotion (5 U.S.C.7703(b)(2)) |
| DOUGLAS A. COLLINS, Secretary of Veterans Affairs | |
| | JURY TRIAL DEMANDED |
| Defendant | |

**COMPLAINT**

TO THE HONORABLE COURT:

COMES NOW Plaintiff, DOUGLAS HENAO through the undersigned attorneys and respectfully states, alleges and prays as follows:

### I.     NATURE OF ACTION

1. This civil action is brought by Douglas Henao to seek redress for the retaliatory actions taken against him by the Department of Veterans Affairs (DVA) in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, *et seq*. and the Civil Rights Act of 1991, as amended, 42 U.S.C. 1981, for relief from retaliation for engaging in EEO protected activity. This civil action is also brought pursuant to the Civil Service Reform Act of 1978 (CSRA), as amended, 5 U.S.C. 1101, *et seq,* 5 U.S.C. 7703(b)(2), *Kloeckner v. Solis*, 133 S. Ct. 596 (2012), *Perry v. MSPB*, 582 U.S. 420 (2017), and the Whistleblower Protection Act, 5 U.S.C. 2302(b)(8)-(9), which prohibits whistleblower retaliation, seeking reparations for the unlawful, discriminatory and retaliatory demotion of Mr. Henao from his position as Chief, Nutrition and Food Service

(NFS) at the Veterans Administration Caribbean Healthcare System (VACHS) in San Juan, Puerto Rico.

2. Defendant Agency, the Department of Veterans Affairs, discriminated against Plaintiff on the basis of retaliation for his prior EEO activity, and for his protected whistleblower activity.

3. Mr. Henao was subjected to a hostile work environment and suffered numerous adverse actions, including his demotion notified on June 25, 2024.

4. On July 18, 2024, the VACHS Interim Executive Director, Thomas A. Steinbrunner, rescinded the demotion on procedural grounds and reinstated Mr. Henao to his position effective July 22, 2024.

5. Despite the reinstatement, on July 29, 2024, Mr. Henao timely filed a mixed-case appeal with the Merit System Protection Board, *NY-0752-24-0206-I-1*. On June 10, 2025, an initial decision was issued by AJ Nicole DeCrescenzo and it became final on July 15, 2025.

6. The facts alluded to in the demotion proposal have been used by the Agency as the basis for other successive adverse actions against Mr. Henao including a June 6, 2025, reprimand and a June 23, 2025, Notice of Investigation, Temporary Office Relocation and No Contact Order that included a reassignment order.

## II. JURISDICTION and VENUE

7. Federal Question jurisdiction is invoked pursuant to 28 U.S.C. 1331 and 1343, based on Plaintiff's right as a federal employee to be free from discrimination.

8. This court has jurisdiction over Mr. Henao's claims of discrimination, harassment and retaliation that precede and follow his demotion under Title VII of the

2

Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-16, *et seq.*, and the Civil Rights Act of 1991, as amended, 42 U.S.C. 1981.

9. This court has jurisdiction over Mr. Henao's demotion and subsequent adverse actions pursuant to the Civil Service Reform Act of 1978 (CSRA), as amended, 5 U.S.C. 1101, *et seq,* 5 U.S.C. 7703(b)(2), *Kloeckner v. Solis*, 133 S. Ct. 596 (2012), *Perry v. MSPB*, 582 U.S. 420 (2017) and the Whistleblower Protection Act, 5 U.S.C. 2302(b)(8)-(9).

10. Plaintiff exhausted all administrative remedies prerequisite to this action.

11. This judicial complaint is filed within the applicable statute of limitations and within 30 calendar days after the MSPB decision became final.

12. This judicial district is the proper venue to file this complaint because it is where Mr. Henao was employed by the DVA, and where the actions and omissions that give rise to his claim occurred.

### III.     PARTIES and ACTORS

13. Plaintiff DOUGLAS HENAO is a Colombian born male with prior EEO and whistleblowing activity who is employed by the Department of Veterans Affairs as Chief, Nutrition and Food Service (NFS) at the Veterans Administration Caribbean Healthcare System (VACHS) in San Juan, Puerto Rico.

14. The Department of Veterans Affairs (DVA) is the executive department established by law to administer veterans' benefits, under Title 38, U.S. Code. The Veterans Affairs Caribbean Healthcare System (VACHS) is a system of the DVA that provides healthcare services to eligible veterans in Puerto Rico and the U.S. Virgin Islands.

15. Douglas A. Collins is the Secretary of Veterans Affairs as of February 2025. The Secretary of Veterans Affairs is the administrative head of the DVA.

16. At the times relevant to this complaint, the VACHS Executive Director was Carlos Escobar, and later the position was occupied by Thomas A. Steinbrunner in an Interim capacity.

17. At the times relevant to this complaint the Associate Director, at times Interim Executive Director and Mr. Henao's first line supervisor was Jaime Marrero, a position at times occupied by Wilfredo Quinones in an Acting, Associate Director capacity.

18. At the times relevant to this complaint the Chief of the VA's Facilities Management Services (FMS) was Wilfredo Quinones.

19. At the times relevant to this complaint VACHS's Executive Leadership was composed of Escobar and Marrero.

## IV.    The FACTS

20. Mr. Henao was appointed to the Chief NFS position effective October 11, 2021. As Chief NFS at the VACHS he had the obligation to implement the Veterans Health Administration's mandated NFS modernization initiated nationwide in October 2020.

21. In fulfilling his duties, on November 5, 2021, Mr. Henao emailed the Chief of VA's Financial Management System (FMS), Wilfredo Quinones, a list of multiple open work orders, some that had been open for more than a year, that he had found and for which no action had been taken by VACHS's Executive Leadership.

22. Over the next year and a half, Mr. Henao identified and notified Chief Quinones the inaction and inefficacy of the actions taken by VACHS's Executive Leadership on the already notified severe service-wide deficiencies within the NFS that

4

impeded fulfillment of the modernization mandate, through emails, in person at one-to-one meetings, Service Chief meetings, Patient Safety Hazard conferences, through the Budget Hearings requests for Fiscal Years 2022 and 2023, throughout activities of the Quality Service Team in preparation for accreditation visits, through Environment of Care rounds conducted on a monthly basis within NFS by an independent interdisciplinary team, and via the Accreditation Committee.

23. As of the date of this complaint, the NFS and VACHS's main kitchen have yet to be modernized.

24. Carlos Escobar and Jaime Marrero chastised Mr. Henao for complaining about Management's gross mishandling of the work orders essential to the modernization of the NFS by ridiculing and humiliating him in front of his staff, service personnel, peers and the entire VACHS.

25. Then, on April 27, 2023, Mr. Henao was administratively reassigned by Marrero, pending an Administrative Board Investigation (AIB) for "allegations of a harassment complaint that was not handled according to policies and procedures". Mr. Henao was never questioned or given an opportunity to explain prior to this unexpected administrative reassignment.

26. For Mr. Henao this unjustified and procedurally improper reassignment was the first step on Executive Leadership's agenda to remove him from the service as Chief NFS in retaliation for his uncovering of, and insistence on demanding appropriate action to remedy the regulatory violations and gross mismanagement that put veterans' health and safety at risk and hindered compliance with the modernization mandate.

5

27. On May 1, 2023, unbeknownst to Mr. Henao, Marrero authorized a fact-finding investigation preliminary to the AIB. Fact-Finders were charged with validating the allegations of harassment from one NFS male employee to a NFS female employee.

28. On May 4, 2023, Mr. Henao had his first contact with the DVA EEO Counselor and complained that in his sudden reassignment he was treated differently based on his National origin (Colombian) and gender (male), *Case Number 200I-672-2023-121989*. Mr. Henao chose to resolve his complaint through the Alternative Dispute Resolution (ADR) process.

29. On June 7, 2023, Mr. Henao relayed his concerns to the VA Office of Inspector General (VA OIG) regarding the inaction and inefficacy of the actions or inactions taken by VACHS's Executive Leadership on the severe service-wide deficiencies within NFS that impeded fulfillment of the modernization mandate. The VA OIG concluded their investigation, substantiating several of Mr. Henao's allegations.

30. On June 22, 2023, the Fact-Finders that had been appointed by Marrero concluded their investigation and issued their report. The report concluded that "based on witnesses' interviews, there was no evidence of sexual harassment or physical involvement between the alleged harasser and the alleged harassed".

31. During the month of June 2023, the original allegations for the AIB that purportedly justified Mr. Henao's reassignment were modified to "no actions were taken upon complaints of sexual harassment made by two female employees", despite the Fact-Finders' June 7, 2023, report's conclusion that there was no evidence of sexual harassment. This modification was not notified to Mr. Henao.

32. Then on July 5, 2023, the investigators of the Office of Accountability and Whistleblower Protection (OAWP) contacted Mr. Henao for him to appear as a witness to allegations of Executive Leadership's misconduct by the Medical Center Director and Deputy Director of the VACHS, Carlos Escobar, regarding "concerns of an inappropriate relationship between the MCD and a subordinate employee, along with concerns regarding" Marrero's detailing of Mr. Henao out of the office.

33. Mr. Henao participated in the OAWP investigation by giving testimony on July 11, 2023. Escobar learned that Mr. Henao was a witness testifying in the OAWP investigation, just days after Mr. Henao's testimony.

34. Since the EEO matter was not resolved through the ADR process, on July 28, 2023, Mr. Henao filed a formal discrimination complaint. The Notice of Receipt issued by the Office of Resolution Management, Diversity & Inclusion of the DVA was notified on August 9, 2023, to Mr. Henao and copied to Escobar.

35. On August 15, 2023, a final report on the now once modified AIB of Mr. Henao, supposedly initiated with his sudden reassignment, was notified to Escobar. The report did not substantiate the amended allegations and included incidental findings, including Marrero being a "hostile witness", recommendations and placing responsibilities on Executive Leadership.

36. During the month of September 2023, Mr. Henao's EEO formal complaint was accepted and assigned an Investigator, an action that was notified to Escobar.

37. On September 5, 2023, Marrero closed the Fact-Finding investigation of the original allegations accepting the June 22, 2023's report.

38. On October 6, 2023, Executive Leadership decided to amend the AIB and thus re-open the investigation. Mr. Henao's reassignment was also extended pending this newly ordered investigation based on a second amendment.

39. During the month of November 2023, the administrative allegations against Mr. Henao were modified again as part of this second amended AIB, to "The Chief, Nutrition and Food Service [Mr. Henao] failed to act, in accordance with department policy and regulations, when receiving staff complaints/allegations of hostile work environment, unwelcomed behavior and/or sexual harassment within the Nutrition and Food Services".

40. On November 28, 2023, Mr. Henao filed a retaliation complaint with the Agency's EEO alleging that the second AIB was ordered by Executive Leadership in reprisal for his prior EEO discrimination complaint and to cover-up their own failings, as exposed by the original AIB's final report.

41. On February 2024, Escobar received the final report on the second AIB which concluded that one of the two amended allegations was substantiated, although the original allegations of both the Fact-Finders and the original AIB were not.

42. Escobar and Marrero chose to ignore the investigatory findings that the original allegations of both the Fact-Finders and the first AIB against Mr. Henao. These were the only allegations that were properly notified, and although unsubstantiated Escobar ordered Marrero to go ahead with Mr. Henao's demotion.

43. On April 5, 2024, Mr. Henao submitted a complaint to the OAWP due to Marrero not submitting a Summary Rating in a timely fashion, after Mr. Henao's administrative reassignment out of NFS, causing Mr. Henao to not receive a final Rating of Record / Performance Rating for fiscal year 2023.

44. On May 13, 2024, OAWP notified Mr. Henao that they were investigating his complaint, "conducting interviews and gathering evidence".

45. On May 16, 2024, Mr. Henao was notified with the letter of proposed demotion for failure to follow policy, failure to take advantage of corrective opportunities or avoid harm and intimidating a witness of a formal administrative investigation. Mr. Henao submitted a written and oral response to the notice of proposed action.

46. On June 25, 2024, Escobar, as deciding official affirmed the charges and effected the proposed demotion.

47. Escobar was forced to retire during the week of June 25, 2024.

48. Three weeks later, after Escobar's retirement, Interim Executive Director Thomas A. Steinbrunner, rescinded Mr. Henao's demotion based on procedural error, and returned Mr. Henao to his Chief NFS position.

49. On July 29, 2024, Mr. Henao timely filed with the MSPB an appeal challenging the demotion process and denouncing discrimination and retaliation in the demotion process and related adverse actions, including the manipulation of his 2023 Performance Ratings.

50. Mr. Henao alleged that the Agency's actions would not have been taken but for his EEO and Whistleblower protected activities.

51. The MSPB appeal was assigned to Administrative Judge Nicole DeCrescenzo.

52. After a hearing, on June 10, 2025, an initial decision was issued by AJ Nicole DeCrescenzo which became final on July 15, 2025.

53. The MSPB's decision found that the Agency had proven the charges - despite the Agency's recognition of fatal procedural defects that warranted the rescission of the demotion - and that there was less than preponderant evidence to support a finding that the Agency was motivated by retaliation for Mr. Henao's EEO and Whistleblowing activities.

54. Therefore, the Agency's demotion action was affirmed.

55. On June 6, 2025, Mr. Henao was notified with a reprimand. The charges are unfounded.

56. On June 23, 2025, Mr. Henao was again administratively reassigned out of NFS, this time by Marrero, due to complaints of "inappropriate and retaliatory conduct" within NFS involving various employees in which Mr. Henao was "identified as the subject involved".

## V.     CAUSES OF ACTION

### A. Retaliation for EEO Protected Activity

57. The allegations of all preceding paragraphs and subsequent paragraphs are restated and incorporated by reference as if they had been set forth fully herein.

58. The actions described herein constitute retaliation for prior EEO protected conduct, which includes the filing of various administrative complaints with the Agency's EEO denouncing discrimination and reprisals and the manipulation of the administrative investigation process.

59. The denounced actions caused Plaintiff emotional and physical damage.

60. Plaintiff has suffered to date a loss of income, in addition to a loss of employment benefits.

10

61. This claim is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq. and the Civil Rights Act of 1991, as amended, 42 U.S.C. 1981, for relief from retaliation for engaging in EEO protected activity.

62. Defendant is liable under Title VII as Plaintiff's employer.

### *B. Retaliation for Whistleblowing Protected Activity*

63. The allegations of all preceding paragraphs and subsequent paragraphs are restated and incorporated by reference as if they had been set forth fully herein.

64. The actions described herein constitute whistleblower retaliation for prior disclosure of information regarding Executive Leadership's actions and inactions concerning the NFS modernization mandate, and which Mr. Henao reasonably believed were violations of law and regulations, and constituted gross mismanagement, abuse of authority and created a specific danger to the Puerto Rico and Caribbean veterans' public health and safety.

65. Plaintiff alleges that his whistleblower disclosures and other protected activity, including his testimony during the investigation of Executive Leadership, was a contributing factor in the personnel actions taken against him.

66. The denounced personnel actions caused Plaintiff emotional and physical damage.

67. Plaintiff has suffered to date a loss of income, in addition to a loss of employment benefits.

68. This claim is brought pursuant to the Whistleblower Protection Act, 5 U.S.C. 2302(b)(8)-(9), for relief from retaliation for engaging in Whistleblowing protected activity.

69. Defendant is liable under the Whistleblower Protection Act as Plaintiff's employer.

### C. Violations of the Civil Service Reform Act

70. The allegations of all preceding paragraphs and subsequent paragraphs are restated and incorporated by reference as if they had been set forth fully herein.

71. Plaintiff contests his demotion and the other related adverse actions, and seeks this Court's review of the decision of the MSPB in accordance with 5 U.S.C. 7703(b)(2), and the *Kloeckner v. Solis*, 133 S. Ct. 596 (2012) and *Perry v. MSPB*, 582 U.S. 420 (2017) holdings.

72. All charges filed by the Agency are based on false allegations, unsupported and contradicted by the documentary and testimonial evidence, and are based on a misguided interpretation of the applicable policies and purposefully ignoring the manipulation of the procedure.

73. Furthermore, all charges are motivated by a discriminatory retaliatory *animus*.

74. And the penalty of demotion for proven offenses is too harsh.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Douglas Henao respectfully requests this court,

a. Determine that the actions of VACHS's Executive Leadership were discriminatory, retaliatory and otherwise in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, *et seq.* and the Civil Rights Act of 1991, as amended, 42 U.S.C. 1981, and the Whistleblower Protection Act, 5 U.S.C. 2302(b)(8)-(9), for relief

12

from retaliation for engaging in EEO and Whistleblower protected activity, and other applicable laws and regulations prohibiting discrimination against federal employees.

b. Determine that his demotion violates the Civil Service Reform Act of 1978 (CSRA), as amended, 5 U.S.C. 1101, *et seq,* 5 U.S.C. 7703(b)(2) and *Kloeckner v. Solis*, 133 S. Ct. 596 (2012) and *Perry v. MSPB*, 582 U.S. 420 (2017).

c. Provide for compensatory damages of no less than $300,000.00.

d. Provide for back pay and for the loss of other benefits expected to increase in the future.

e. Order the Government to pay reasonable attorney's fees, costs, litigation expenses and prejudgment and post-judgment interest.

f. Order reinstatement of all leave used consequent to the discriminatory retaliation.

g. Order the expungement of all discriminatory disciplinary actions from the official personnel file.

h. Order all other relief the court deems adequate and just.

i. Order that this case be heard by a Jury.

j. Enter judgment on behalf of Plaintiff and against the Defendant.

This 14th day of August 2025.

**LOPEZ TORO**
**Estudio de Derecho & Notaría**
PO Box 635
Rio Grande, Puerto Rico 00745
Tel. 787-957-2640; Mobile 787-646-5395
ESTUDIOLOPEZTORO@aol.com

*s/Bámily López Ortiz*
**Bámily López Ortiz**
USDC-PR 205411